In the Matter of JEFFREY J. BLOCH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 4, 1985

#### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.* (*Robert P. Guido* of counsel), for petitioner.

#### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on October 22, 1975. On April 6, 1984, the respondent pleaded guilty in the Supreme Court, Suffolk County, to attempted grand larceny in the second degree, a class E felony (*see,* Penal Law §§ 110.00, 155.35). On May 15, 1984, respondent was sentenced to six months' imprisonment and probation for a period of five years. By order of this court dated November 21, 1983, the suspension of respondent as an attorney, which was directed by an order to show cause dated October 20, 1983, was continued until the further order of this court.

In the disciplinary proceeding, the Special Referee sustained 23 charges of misconduct, including respondent's neglecting numerous legal matters entrusted to him, intentionally deceiving clients regarding the status of their legal matters, merging

his law practice with a collection agency, failing to represent clients in a competent and diligent manner, conversion of clients' funds, repeatedly making false statements to and failing to cooperate with the petitioner Grievance Committee in its investigation of the complaints filed against him, and failing to comply with a subpoena duces tecum issued by this court.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. Respondent is guilty of all of the professional misconduct set forth above. Petitioner's motion to confirm the report of the Special Referee is granted.

Pursuant to Judiciary Law § 90 (4), upon his conviction of a felony, the respondent ceased to be an attorney and counselor-at-law in this State.

Accordingly, the petitioner's motion to strike respondent's name is granted. Respondent is disbarred and the clerk of this court is directed to strike his name from the roll of attorneys and counselors-at-law forthwith.

In view of the felony conviction, the imposition of punishment in the disciplinary proceeding is unnecessary.

MOLLEN, P. J., TITONE, LAZER, MANGANO and O'CONNOR, JJ., concur.